UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NICOLE BECNEL                 *   CIVIL ACTION NO. 15-01011
          Plaintiff            *
                               *   NO. 15-01011
VERSUS                    *
                               *   DISTRICT JUDGE SARAH S. VANCE
                               *
ST. CHARLES PARISH SHERIFF'S OFFICE   *   MAG. JUDGE JOSEPH C.
and SHERIFF GREG CHAMPAGNE        *
          Defendants           *
*************************************************************************

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b) FOR FAILURE TO STATE A CLAIM

**I.**       **INTRODUCTION**

Defendants have moved for dismissal of all of Plaintiff's claims according to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim. Upon receiving Defendant's Motion and upon further review, Plaintiff submits that she has failed to sufficiently allege factual allegations to support her claim under the Rehabilitation Act, and thus such claim should be dismissed without prejudice. Plaintiff further submits that her state law tort claims are precluded by the Medical Malpractice Act.

Nevertheless, Plaintiff's claim under 43 U.S.C. 1983 against Defendants should not be dismissed, as Plaintiff has provided sufficient factual allegations to support such a claim. Despite Plaintiff's repeated requests, she was denied her prescribed medication by the Sherriff's Office three days in a row. The Sherriff's Office's refusal to give Plaintiff her medication ultimately caused her to attempt suicide by jumping off a balcony in the St. Charles Parish Nelson Coleman Correctional Facility, resulting in severe injuries. Based on these facts, as more fully laid out in this Opposition and in Plaintiff's Complaint, Plaintiff has provided sufficient factual allegations to raise a right to relief above the speculative level—as required by the standard for a Motion to Dismiss under Rule 12(b)(6).

1

Defendant has further moved for dismissal by alleging that Plaintiff has failed to file a Medical Malpractice Complaint pursuant to the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq. Defendant is incorrect in that Plaintiff did file a Medical Malpractice Complaint and further that the actions of the nursing staff of Nelson Coleman Correctional Center ("NCCC") fall outside the provisions of the Act.

## II.    FACTUAL BACKGROUND

On or about May 6, 2014, Ms. Becnel was booked as an inmate at the St. Charles Parish Nelson Correctional Facility for a domestic disturbance with her husband. At the time of Ms. Becnel's incarceration, a medical examination was performed where it was noted that Ms. Becnel had been diagnosed as having bi-polar disorder and had long-term history of depression and was taking medication for both conditions.[1] Further, it was noted that she had tried to commit suicide at least three times in the past, the most recent time being two years prior to her incarceration. As a result, the prison physician ordered that Ms. Becnel be provided Klonopin and Effexor as treatment for these conditions.

Over the next three days, the Sheriff's Office never once provided Ms. Becnel with any of her medications. Ms. Becnel repeatedly requested her medications, but did not receive any of it once. Nevertheless, several hospital personnel documented that Ms. Becnel received her medications twice a day for all three days.[2] As a result of her lack of medication, Ms. Becnel became increasingly anxious and depressed over the course of the three days. On May 9, 2014, due to her anxiety and depression from her lack of medications, Ms. Becnel attempted suicide by jumping head first off a second floor balcony. Ms. Becnel survived the attempt, but suffered catastrophic injuries including: spinal fractures, spleen damage, fractures to both wrists and head

---

[1] *See* Exhibit "A," Initial Nursing Assessment.
[2] *See* Exhibit "B," Medication Administration Record.

injuries, resulting in a month-long hospitalization.

When Ms. Becnel arrived at LSU Interim via ambulance after her suicide attempt, toxicology screens were immediately run on Ms. Becnel. These screens definitively showed that Ms. Becnel had not been receiving Klonopin, which is a benzodiazepine.[3] By failing to provide the medications prescribed for Ms. Becnel, and despite her repeated requests for such medications, Defendants have violated her constitutional rights.

### III.    LAW AND ARGUMENT

#### A.    Standard of Review for a Motion to Dismiss under Fed. Rules of Civ. Proc. Rule 12(b)(6).

While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Fed. Rules Civ. Proc. Rule 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). Further, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Id.* Additionally, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Id.*

#### B.    Plaintiff has Asserted Sufficient Factual Allegations to Support her 43 U.S.C. 1983 Claim for Deprivation of her Constitutional Rights.

Defendants argue that Plaintiff's 43 U.S.C. 1983 claim should be dismissed as Plaintiff has alleged no policy promulgated by Defendants which was a moving force in the purported

---

[3] *See* Exhibit "C," LSU Interim Records.

violation of her constitutional rights. However, Plaintiff is not required to allege a specific policy, if Plaintiff can show that a widespread practice existed that resulted in a violation of her constitutional rights. *Rasche v. Village of Beecher*, C.A.7 (Ill.) 2003, 336 F.3d 588.

In order to prove a cause of action under 43 U.S.C. 1983, a plaintiff must prove the following: (1) a deprivation of rights secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *See Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir. 2004). In discussing a 43 U.S.C. 1983 violation, this Court has held that "[t]he State's exercise of its power to hold detainees...brings with it a responsibility under the U.S. Constitution to tend to essentials of their well-being." *Nagle v. Gusman*, 61 F. Supp. 3d 609 (E.D. La. 2014). Thus, pretrial detainees have a right to "constitutional essentials" such as safety and medical care. *Id*. (citing *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000)). Additionally, this Court has held that the failure to provide pre-trial detainees with adequate protection from their known suicidal impulses is actionable under § 1983." *Id*. (citing *Evans v. City of Marlin*, 986 F.2d 104, 107 (5th Cir.1993)). Accordingly, Defendants had the responsibility under the Constitution to tend to Plaintiff's essentials of her well-being and to protect her from her known suicidal impulses.

Further, when a detainee alleges that his or her constitutional due process rights have been violated, the plaintiff must demonstrate the official exhibited a "deliberate indifference" according to *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *See Nagle v. Gusman*, 61 F. Supp. 3d 609 (E.D. La. 2014). A prison official acts with a deliberate indifference when he (1) "knew of" and (2) "disregarded an excessive risk to the plaintiff's health or safety. *Id.* However, mere negligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State. *Id*. In order to be considered

4

deliberately indifferent to a known suicide risk, an officer's acts must constitute at least more than a mere oversight. *Id.* Significantly, in *Gaines v. United States*, 498 F. App'x 415, 416 (5th Cir. 2012) and in *Easter v. Powell,* 467 F.3d 459, 463–65 & n. 25 (5th Cir.2006), the United States Fifth Circuit Court of Appeal held that a prison employee's refusal to provide prescribed medication when an inmate with known heart problems complained of chest pain rose to the level of deliberate indifference.

In the instant case, refusing to give Plaintiff, a detainee, her medicine when she had a documented, known history of bipolar disorder, depression, and suicide is more than a mere oversight. Defendants did not give Plaintiff her medicine for three days straight, as is evidenced through Plaintiff's negative screenings at LSU Interim. Further, Defendants deliberately lied by documenting that Plaintiff had received her medicine, when in fact they knew she had not. Still further, Plaintiff repeatedly requested her medications and was deliberately refused such medications by the Defendants. Thus, the Defendants knew of and disregarded an excessive risk to Ms. Becnel's health and safety and thus violated her constitutional rights. In sum, refusing Plaintiff's repeated requests and not providing her with the medicine and care she required constitutes a deliberate indifference by the Defendants. Additionally, it is undisputed that these alleged actions were committed under the color of state law and were caused by a state actor— the employees of the Sheriff's Office. Based on these facts alone, the nursing staff members, who were in charge of giving Ms. Becnel her medications and documenting such, are liable under 43 U.S.C. 1983.

Nevertheless, in order to prove that Sheriff Champagne and the St. Charles Sheriff's Office are also liable under 43 U.S.C. 1983, Plaintiff must prove the following three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or

constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Nagle v. Gusman*, 61 F. Supp. 3d 609 (E.D. La. 2014) (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir.2002)). Unconstitutional policy or custom, such as would support municipal liability under § 1983, can take three forms: (1) express policy that, when enforced, causes constitutional deprivation; **(2) widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute "custom or usage" with force of law;** or (3) allegation that constitutional injury was caused by person with final policymaking authority. *Rasche v. Village of Beecher*, C.A.7 (Ill.) 2003, 336 F.3d 588.

Defendants argue that Plaintiff points to no policy of the municipality for her constitutional deprivation claim and thus such claim should be dismissed. However, the case law is clear that Plaintiff can simply show a widespread practice that caused her constitutional deprivation. In the instant case, Plaintiff has shown several nurses signing twice daily for three days straight attesting to giving Plaintiff her medicine, when in fact Plaintiff did not once receive her medicine. This practice shows a custom or usage, wherein nurses are failing to perform their job functions, lying about performing such functions, and then are not being checked for their reliability or truthfulness of adequately performing extremely important job functions—upon which the lives of the inmates rely. The Sheriff's Office had knowledge of such actions, as Plaintiff was repeatedly requesting the medicine daily, stating that she had not received it. Additionally, the Sheriff's Office also had notice of Ms. Becnel's need for such medication as documented through their internal paperwork—which listed her conditions and prescribed medications. Thus, the Sheriff's Office lack of procedural safeguards to make sure inmates were actually receiving their medicines, and allowing nurses to flat out disregard their duties and then

lie about it, demonstrates that the moving force behind Plaintiff's constitutional violations was this practice of the Sheriff's Office and Sheriff Champagne—or lack thereof. Accordingly, Plaintiff has sufficiently pled a cause of action under 43 U.S.C. 1983 and this Court should not dismiss Plaintiff's claims.

### C.    Plaintiff's Claim is Not Precluded by the Medical Malpractice Act.

Defendant has further moved for dismissal by alleging that Plaintiff has failed to file a Medical Malpractice Complaint pursuant to the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq.   Defendant is incorrect in that Plaintiff did file a Medical Malpractice Complaint and further that the actions of the nursing staff of Nelson Coleman Correctional Center ("NCCC") fall outside the provisions of the Act.

First, Plaintiff did file a Medical Malpractice Complaint against Dr. Laurence Durante, the physician who did her intake assessment and prescribed the medications for her at NCCC.[4] Dr. Durante has been notified of the complaint and that action is proceeding forward in parallel with this action.   The actions of the nursing staff, however, are not within the ambit of the Medical Malpractice Act.

Under the provisions of  La. R.S. 40:1299.47(A)(1), "[a]ll malpractice claims against health care providers covered by this Part," must be reviewed by a medical review panel prior to the filing of suit. The pertinent definitions from the Louisiana Medical Malpractice Act for deciding this controversy are found in La R.S. 40:1299:41.   Specifically, La. R.S. 40:1299:41(A)(13) defines "malpractice" to mean "any <u>unintentional</u> tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient…" (Emphasis added).

Because the Medical Malpractice Act is special legislation, coverage and liability under

---

[4] *See* Exhibit "A."

the act must be strictly construed. *Sewell v. Doctors Hospital*, 600 So.2d 577 (La.1992) "Moreover, the Act does not encompass every tort claim arising as a consequence of a physician/patient relationship, but only unintentional torts arising from health care or professional services rendered." *Hebert v. Fed. Express Corp.,* 96-2684 (La. App. 4 Cir. 5/21/97), 695 So. 2d 528, 530 (La. Ct. App.) *writ denied*, 97-1662 (La. 10/10/97), 703 So. 2d 606, *citing St. Amant v. Mack*, 538 So.2d 657 (La. App. 1st Cir.1989).

Here the allegations that pertain to patient treatment relate specifically to the nurses whose job function included providing the medication to Ms. Becnel, but go far beyond a simple failure to give medication.   Here, Dr. Durante (as set forth in his Medical Malpractice Complain), prescribed certain medications to Ms. Becnel.    However, the nursing staff documented providing medications to Ms. Becnel but in fact never did so.

Moreover, Judge Little with the Louisiana Western District has addressed the necessity for filing a medical malpractice complaint within the ambit of a 1983 action:

> Defendant Boersma contends that plaintiff alleges that defendant Boersma was negligent because Boersma failed to treat properly the plaintiff. If plaintiff did in fact assert a claim for negligence, plaintiff's claim would fall under malpractice because Part XXIII of the Louisiana Revised Statute defines malpractice as any *unintentional* tort. La. Rev. Stat. Ann. § 40:1299.41(A)(8) (West 1992) (emphasis added). Plaintiff, however, has asserted a claim for intentional mistreatment, alleging that the defendants were callous, deliberate and intentional in their failure to respond to the plaintiff's need for medical treatment. (See complaint paragraph 17). Therefore, plaintiff is not required to present his complaint to a medical review panel as provided in § 40:1299.47(B)(1)(a)(i).

*Thomas v. James*, 809 F. Supp. 448, 449 (W.D. La. 1993).  Thus, the Court held that a medical review panel was not required with regard to the Correctional Center's failure to provide medical treatment to the Plaintiff, Thomas. Magistrate Judge Roby quoted the law succinctly:

> However, the law is also clear that Louisiana law defines medical malpractice as an unintentional tort. La. Rev. Stat. Ann. § 40:1299.41(A)(8). Parish, however, has alleged that the defendants' actions were intentional torts and also amounted to intentional indifference under § 1983. As previously held, and as adopted by the District

> Court (Rec.Doc. No. 29), Parish is not required to present his § 1983 claims of intentional indifference to a medical review panel. *Thomas v. James*, 809 F.Supp. 448, 449 (W.D.La.1993). Thus, Parish may proceed with his intentional tort and § 1983 claims against the defendants. The defendants' motion is denied with respect to this issue.

*Parish v. Lee*, No. CIV.A. 02-2655, 2004 WL 877103, at *13 (E.D. La. Apr. 22, 2004). Thus, while the claims of negligence against Dr. Durante will go forward in the Medical Malpractice Claim, the 1983 claims against the Defendant here for the actions of the nursing staff are appropriate in this forum.

> ### D. In the alternative, Plaintiff Prays that this Court Allow Her to Amend her Complaint.

In the alternative, if this Court finds that Plaintiff's claims have not been adequately pled, Plaintiff requests that she be allowed to amend her Complaint and cure any such defects. Additionally, Plaintiff prays that this Court allow her to amend and add as Defendants the nursing staff members who were directly responsible for intentionally failing to give Plaintiff her prescribed medication.

## IV. CONCLUSION

Accordingly, Plaintiff's claim under 43 U.S.C. 1983 against Sheriff Champagne and the St. Charles Parish Sheriff's Office should not be dismissed pursuant to Defendants' 12(b)(6) Motion. Plaintiff has asserted sufficient facts to support her claim, and thus her claim survives any such motion. As outlined above, all such claims are not precluded by the Medical Malpractice Act. In the alterative, Plaintiff prays that this Court allow her to amend her Complaint to provide additional factual allegations and/or Defendants. Additionally, Plaintiff submits that her claims under the Rehabilitation Act and state law tort law should be dismissed without prejudice.

Respectfully submitted,


**HUBER, SLACK, THOMAS
& MARCELLE, LLP**


*/s/Todd R. Slack*
**TODD R. SLACK (Bar# 24647)**
1100 Poydras Street, Suite 1405
New Orleans, LA 70163
Telephone:(504) 274-2500
Facsimile: (504) 910-0838
E-mail: todd@huberslack.com
**ATTORNEY FOR PLAINTIFF**



<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the above and foregoing pleadings has been served upon counsel

for all parties via facsimile and/or by mailing the same to each, properly addressed and postage

prepaid, on this 8th day of June, 2015.


*/s/Todd R. Slack*
**TODD R. SLACK**