UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE BECNEL | CIVIL ACTION |
| VERSUS | NO: 15-1011 |
| ST. CHARLES PARISH SHERIFF'S OFFICE and SHERIFF GREG CHAMPAGNE | SECTION: R(2) |

## ORDER AND REASONS

Defendants St. Charles Parish Sheriff's Office and Sheriff Greg Champagne move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court grants the motion and grants plaintiff leave to amend her complaint.

## I. BACKGROUND

On April 1, 2015, plaintiff Nicole Becnel filed suit, alleging a number of constitutional and state-law violations against defendants St. Charles Parish Sheriff's Office and Sheriff Greg Champagne, in his official capacity.[2] The facts surrounding the incident, as alleged in Becnel's complaint, are as follows.[3]

---

[1] R. Doc. 4.

[2] *See* R. Doc. 1.

[3] Becnel attempts to present a number of new factual allegations in her opposition to defendants' motion to dismiss. "[I]t is axiomatic that a

On May 6, 2014, Becnel was booked as an inmate at the Nelson Coleman Correctional Center in St. Charles Parish.[4]  Upon Becnel's arrival at the Correctional Center, she underwent a medical examination.  The medical examiners noted that Becnel had a long history of bi-polar disorder and depression, for which she had been taking medication.  The prison physician then prescribed Klonopin and Effexor as treatment for Becnel's conditions.[5]

Over the next three days, Becnel was not given the prescribed medications. Without medication, Becnel became increasingly depressed. On May 9, 2014, Becnel attempted suicide by jumping off a second-floor balcony.[6] After the suicide attempt, Becnel underwent toxicology screening at LSU Interim Hospital that revealed that the medications Becnel had been

---

complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (citing cases).  Therefore, the Court will not consider the new allegations Becnel raises in her briefing.

[4]   R. Doc. 1 at 3 ¶ 4.

[5]   *See id.* at ¶ 5.

[6]   *Id.* at ¶ 8.

prescribed were not in her system.[7] As a result of her suicide attempt, Becnel injured her spine, spleen, wrists, and head.[8]

Becnel alleges that by failing to provide her the proper medication, the Sheriff's Office and Sheriff Greg Champagne violated 42 U.S.C. § 1983; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and Louisiana tort law. Specifically, Becnel alleges that Sheriff Champagne failed to "insur[e] that defendants provided [medical] care in accordance with acceptable standards" and failed to "properly supervis[e] the medical staff and monitor[] the quality of their work."[9] Becnel also alleges that both the Sheriff's Office and Sheriff Champagne "knew, or should have known, that [Becnel] was not being medicated as required," and that "[d]espite their knowledge of these serious deficiencies in policies, practices and procedures, and all of the training and supervision of staff, Defendants acted with deliberate indifference by failing to take appropriate action to address and ameliorate these deficiencies."[10]

Defendants move to dismiss Becnel's complaint for failure to state a claim. In response, Becnel admits that her Rehabilitation Act and Louisiana

---

[7]   *Id.* at 4 ¶ 10.

[8]   *Id.* at 3-4 ¶ 9.

[9]   *Id.* at 5 ¶¶ 15-16.

[10]  *Id.* at 5-6 ¶¶ 17, 22

3

tort law claims should be dismissed. Accordingly, the Court dismisses these claims without further discussion. On her remaining section 1983 civil rights claim, Becnel opposes the motion.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each

4

element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Having admitted that her Rehabilitation Act and Louisiana tort law claims should be dismissed, Becnel's only remaining claim against the Sheriff's Office and Sheriff Greg Champagne, in his official capacity,[11] arises under 42 U.S.C. § 1983. A suit against a government officer "in his official capacity" is the same as a suit against the government entity of which he is an agent. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999) (citing *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 784-85 (1997). Therefore, the case law applicable to whether the Sheriff's Office, as a government entity, is liable also applies to Sheriff Champagne. *See id.*

To plausibly state a section 1983 claim against a government entity, the plaintiff must allege that the government entity directly "caused a

---

[11] *See* R. Doc. 1 at 2.

constitutional tort through a policy statement, ordinance, regulation or decision officially adopted and promulgated by the body's officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)). Thus, section 1983 municipal liability requires proof of three elements: (1) a policymaker, (2) an official policy or custom, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted). Proof of these three elements is necessary "to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *See Piotrowski*, 237 F.3d at 578. A municipality cannot be held liable under section 1983 on a theory of *respondeat superior* merely because it employs a tortfeasor. *Monell*, 436 U.S. at 694; *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997).

### A.   Policymaker

To sustain liability under section 1983, "the policymaker must have final policymaking authority." *See Davis*, 565 F.3d at 227 (citations omitted).

Whether a government officer has "final policymaking authority" is a question of state law. *Id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Under Louisiana law, a sheriff is "virtually an autonomous local government official." *See Burge*, 187 F.3d at 469 (citing La. Const. art. 5 § 27). The sheriff is the "chief law enforcement officer in the parish," La. Const. art. 5 § 27, and also "the keeper of the public jail of his parish." La. Rev. Stat. § 15:704. As keeper of the jail, the Sheriff is charged with its administration, see *O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir. 1985), and has the power to "by all lawful means preserve the peace and apprehend all disturbers thereof." § 15:704. Courts recognize that sheriffs are the final policymakers of the management of parish jails. *See, e.g.*, *O'Quinn*, 773 F.2d at 609 (explaining that "the administration of the jails is the province of the sheriff"); *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) ("Under Louisiana law, it is the Sheriff's office that has the obligation to provide medical care for the prisoners."). Accordingly, the Sheriff's Office and Sheriff Champagne may be properly considered the relevant policymakers with regard to Becnel's claims of inadequate medical care while incarcerated at the St. Charles Parish Correctional Center.

**B.     Official Policy**

A municipality may be held liable under section 1983 only if the constitutional violation was inflicted through an official policy or custom. *See Piotrowski*, 237 F.3d at 579. As the Fifth Circuit explains, the official policy requirement can be met in at least three ways. *See Burge*, 187 F.3d at 471. First, there may be an "official policy or custom that deprives individuals of their constitutional rights" or "a persistent, widespread practice which, although not officially promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Esteves*, 106 F.3d at 677 (citing *Monell*, 436 U.S. at 694); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985)). Second, the conduct of the policymaker itself may have violated a person's constitutional right. *See Burge*, 187 F.3d at 471. Third, a policymaker's failure to take some affirmative action may evidence a "deliberate indifference" to constitutional rights. *See id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Here, Becnel's allegation that defendants "acted with deliberate indifference by failing to take appropriate action" must fall under the third category of proof of an official policy or custom. *See id.* (holding that allegations of failure to establish policies and procedures constitute a claim of deliberate indifference); *see also Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) ("[D]eliberate indifference is the appropriate standard of culpability

8

for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, *medical care*, and reasonable safety." (emphasis added)). As the Fifth Circuit holds, deliberate indifference is a "stringent test." *Piotrowski*, 237 F.3d at 579 (quoting *Bryan Cty.*, 520 U.S. at 407). "[A] showing of simple or even heightened negligence will not suffice[.]" *Id.* To support an allegation of deliberate indifference, a civil rights plaintiff must allege that the government officer "knows of and disregards and excessive risk to inmate health or safety; the offic[er] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Stewart v. Murphy*, 174 F.3d 530, 533-34.

The Court finds that Becnel has failed to sufficiently allege that defendants acted with the deliberate indifference necessary to satisfy the official policy or custom requirement of a section 1983 claim. The entirety of the allegations against defendants are as follows: defendants "should have known that policies and procedures were not in place . . . to prevent misadministration of medication"; Sheriff Champagne "is responsible for the hiring, training, supervision, and control of all of the employees under his command, including medical personnel"; "the Sheriff could have prevented injury to [Becnel] by insuring that defendants provided care in accordance

9

with acceptance standards" and "by properly supervising the medical staff and monitoring the quality of their work"; defendants "knew, or should have known, that [Becnel] was not being medicated as required"; and "[d]espite [] knowledge of these serious deficiencies in policies, practices and procedures, and all of the training and supervision of staff, Defendants acted with deliberate indifference by failing to take appropriate action to address and ameliorate these deficiencies."[12]

Becnel's complaint is light on factual allegations and heavy on conclusory statements. Beyond the bare assertions that defendants knew or should have known that the Correctional Center had no policy regarding "misadministration of medication" and that Becnel did not receive her prescribed medication, Becnel fails to plausibly allege any facts supporting her conclusion that defendants specifically knew of and disregarded a risk to her safety. *See Brennan*, 511 U.S. at 837; *Stewart*, 174 F.3d at 533-34. Becnel alleges that a "prison physician" prescribed her psychiatric medication and that unnamed members of the Correctional Center's "medical staff" failed to administer to Becnel her prescribed medication.[13] Neither of these allegations

---

[12] *See id.* at 4-6.

[13] *Id.* at 3, 5.

implicate defendants. Notably, Becnel reiterates that Sheriff Champagne is "responsible for" and "supervis[es]" the Correctional Center employees and that the Sheriff's Office employs Sheriff Champagne and the Correctional Center staff.[14] But as the Court has discussed, a municipality or municipal officer cannot be held liable under section 1983 on a theory of *respondeat superior*. *Monell*, 436 U.S. at 694; *Esteves*, 106 F.3d at 677. Without factual allegations that "go beyond . . . legal conclusions or formulaic recitations of the elements of a cause action," Becnel has failed to plausibly state a claim upon which relief can be granted.

### C. Violation of Constitutional Rights Whose "Moving Force" is the Official Policy or Custom

Because Becnel fails to plausibly allege the existence of an official policy or custom, the Court need not address the causal connection between the municipal policy and the alleged violation of Becnel's constitutional rights. *See Davis*, 565 F.3d at 227 (requiring proof of all three elements to state a section 1983 civil rights claim); *Piotrowski*, 237 F.3d at 578 (same). Without

---

[14] *See id.* at 2, 6.

factually sufficient allegations of each element of her cause of action, Becnel's complaint must be dismissed.

## IV.   LEAVE TO AMEND

In her opposition to defendants' motion to dismiss, Becnel requests leave to amend her complaint.[15]  The Court should "freely give" leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  As the Supreme Court holds, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Therefore, the Court grants Becnel leave to amend her complaint within twenty-one (21) days of the entry of this order.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss under Rule 12(b)(6) and dismisses Nicole Becnel's complaint without prejudice.  The Court GRANTS Becnel leave to amend her complaint within

---

[15]   R. Doc. 6 at 9.

twenty-one (21) days of the entry of this order.  Failure to timely amend will result in dismissal of Becnel's claims with prejudice.

New Orleans, Louisiana, this ___24th___ day of September, 2015.

_____*Sarah Vance*_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE